IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY'LEN D. BELL,

          Plaintiff,

v.                                    CIVIL ACTION NO. 2:26-cv-00040

SAINT ALBANS POLICE DEPARTMENT, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

    This action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On January 26, 2026, Magistrate Judge Tinsley submitted his Proposed Findings & Recommendations ("PF&R"), [ECF No. 6], and recommended that Plaintiff's Application to Proceed in Forma Pauperis be DENIED and that this civil action be DISMISSED with prejudice. Thereafter, Plaintiff filed objections to the PF&R. [ECF No. 7].

    A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The court has reviewed *de novo* those portions of the PF&R to which Plaintiff has filed specific

objections. For the reasons set forth below, I find that Plaintiff's objections lack merit and adopt and incorporate herein the Magistrate's PF&R.

First, Plaintiff objects to the finding that his claims are time-barred. Specifically, he argues that due to circumstances involved in him being "held without bond until July 23, 2024," there were "extraordinary conditions beyond Plaintiff's control that prevented timely filing." [ECF No. 7, at 1]. Therefore, he argues the statute of limitations should be equitably tolled and his suit should be permitted.

Equitable tolling may be used to toll the statute of limitations, but courts have only extended this relief "sparingly." *Irwin v. Dep't of Veterans Aff.*, 498 U.S. 89, 96 (1990). For equitable tolling to be available, a litigant must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016). The diligence element "covers those affairs within the litigant's control" while the extraordinary circumstances element "is meant to cover matters outside its control." *Id.* at 256. The Fourth Circuit has further explained that equitable tolling "is appropriate 'in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 549 (4th Cir. 2019) (quoting *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014)) (distinguishing tolling based on three distinct grounds).

Plaintiff argues that his detainment without bond until July 23, 2024, created an extraordinary circumstance such that the statute of limitations should be tolled. The Magistrate correctly determined that the statute of limitations began to run in July 2023 and that the limitations

period was two years, creating a deadline of no later than July 31, 2025, for the instant action. However, Plaintiff filed his complaint on January 20, 2026. [ECF No. 2].

I find that equitable tolling is not applicable to Plaintiff's case. First, the statute did not expire for an entire year after Plaintiff's release on July 23, 2024. His "period of incarceration" did not constitute an extraordinary condition preventing timely filing even if his detention was "prolonged" and beyond his control as he alleges, [ECF No. 7, at 1], because he still had from July 23, 2024, to July 31, 2025, to file. Plaintiff also does not otherwise argue that there were extraordinary circumstances in the year following his detention that prevented him from acting within the limitations period. As such, this is a situation in which Plaintiff did not diligently pursue his rights and consequently failed to meet the applicable limitations period. Accordingly, I find that equitable tolling does not apply.

I will address Plaintiff's second and third objections together. Plaintiff objects to the PF&R because his complaint was dismissed for deficiencies without an opportunity to amend. Similarly, Plaintiff objects to his action being dismissed with prejudice. I find that the Magistrate correctly dismissed the action with prejudice because Plaintiff failed to state a claim and cannot cure the statute of limitations issue. Dismissal based on the statute of limitations is treated as a final judgment on the merits. Fed. R. Civ. P. 41(b); *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir. 1989). Therefore, Plaintiff's claims are time-barred, and dismissal with prejudice is appropriate.

Accordingly, the court adopts and incorporates herein the PF&R. Plaintiff's application, **[ECF No. 1]**, is **DENIED**, and this civil action is **DISMISSED with prejudice**. The court **DIRECTS** that this action be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

        ENTER:     February 25, 2026

        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE